# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|                      |   |                              |
|----------------------|---|------------------------------|
| CHARLES BATTS        | : |                              |
|                      | : | PRISONER                     |
| v.                   | : | CASE NO. 3:04CV1191(MRK)(WIG)|
|                      | : |                              |
| TODD BOGANOFF        | : |                              |
|                      | : |                              |

## RULING AND ORDER

The Plaintiff, Charles Batts, filed this civil rights action *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915.  He alleges that Defendant Dr. Todd Bogdanoff denied him his constitutional right to refuse antipsychotic medication and forced him to accept injections of haldol. Mr. Batts has filed a motion for partial summary judgment, which is styled as a "Cross-Motion for Partial Summary Judgment" [doc. #85], though no summary judgment motion from Defendant is pending.  Mr. Batts has also filed a motion asking the Court not to disclose his medical information [doc. #86], and a motion to extend the statute of limitations period for an additional three years [doc. #87].  For the reasons that follow, Mr. Batts's  motions are denied.

## I.      Motion for Summary Judgment

Mr. Batts seeks summary judgment on his claim for damages for denial of procedural due process against Dr. Bogdanoff, Commissioner of Correction Lantz, Warden Gomez, Major Lahda, Major Maynard, Fred Watton, Major Foley, Dr. Mennossen, Tanya Cuisno, Jane Salamathal, Christian Matlega, Beverly Luis, Counselor McCoo, Brian Henderson, Psychiatrist Alf Bergman, Bill Doe (Kompare), Captain Eason, Corr. Managed Health Care David Budlong, Stacey Mamora,

and Christine DeVoe.  The motion is premised on the claims included in Mr. Batts's second amended complaint.

Mr. Batts's second amended complaint has not been docketed.  On December 8, 2005, the Court denied as moot Mr. Batts's motion for leave to file the second amended complaint.  *See* Ruling and Order [doc. #83] at 7.  The Court gave Mr. Batts permission to file a second amended complaint, but to date he has not done so.  Therefore, the operative complaint in this case is still the original complaint [doc. #2] – since his amended complaint [doc. #31] was withdrawn – and the only defendant in this case is Dr. Bogdanoff.  Accordingly, Mr. Batts's summary judgment motion, which is premised on the claims in the second amended complaint, is denied without prejudice as moot. Mr. Batts may move for summary judgment after he files his second amended complaint.  The Court again cautions him, as it did in its December 8 ruling, that it may be in his interest to wait until he has received assistance of the counsel that the Court has directed the Clerk to find for him.

The Court also notes that Mr. Batts's summary judgment motion did not comply with the requirements of Local Rule 56(a)3.  Although Mr. Batts did submit a statement of material facts in support of his motion, he did not follow each statement of material fact with a specific citation to an affidavit or other evidence admissible at trial that supports the fact, and he did not attach such evidence to his statements.  Even *pro se* parties must comply with this requirement.  Thus, Mr. Batts's motion also should be denied for failure to comply with the Court's rules.  If Mr. Batts chooses to re-file his summary judgment motion after filing his second amended complaint, he should make sure the motion complies with the Local Rules.

2

## II.     Motion for Non-Disclosure of Mental Health Records

In his Motion for non-disclosure of mental health records, Mr. Batts states that Connecticut statutes protect his right to confidentiality of his medical records and asks the Court to order that his medical information not be disclosed. The Court assumes that Mr. Batts is objecting to the fact that defendants in this case – some of whom have now been terminated – submitted portions of his medical records and affidavits from various treatment providers in response to Mr. Batts's motions for preliminary injunctive relief.

The courts recognize a privacy interest in medical and mental health information. *See Doe v. City of New York*, 15 F.3d 264, 266-67 (1994) (recognizing the existence of the right to privacy and confidentiality in one's personal medical information).  However, that interest does not apply when the plaintiff files suit regarding his medical or mental health treatment. *See Woods v. Goord*, No. 01 Civ. 3255, 2002 WL 731691, at *11 (S.D.N.Y. Apr.23, 2002) (holding that when an inmate files suit against prison officials, the subsequent release of "medical records in defense of litigation does not violate any right of the inmate"); *Gill v. Gilder*, No. 95 Civ. 7933, 1997 WL 419983, at *3 (S.D.N.Y. July 28, 1997) ("A plaintiff waives his right to privacy in his medical records when he puts his medical condition at issue in a lawsuit.").

Mr. Batts contends that he did not require mental health treatment and challenges the involuntary administration of psychotropic drugs.  Thus, he has placed his mental health and the treatment provided at issue in this case.  Mr. Batts's motion for non-disclosure is therefore denied.

## III.    Motion to Extend Limitations Period

Mr. Batts also asks the Court to extend the limitations period for this action by another three

years.  He states that he was told that he could not file an amended complaint until *pro bono* counsel

is located and notes that the limitations period for his claims will expire in October 2006.  Defendant

Bogdanoff opposes the motion.

Mr. Batts has misinterpreted the Court's ruling.  Although the Court suggested that Mr. Batts

might be wise to wait until counsel is appointed before filing his amended complaint, and the Court

stated that it would not require him to amend until that time, the Court did not forbid Mr. Batts from

filing a second amended complaint.  The Court merely suggested that Mr. Batts might be better off

if he waited until counsel was located before doing so.  Certainly, if counsel is not located within the

next few months, Mr. Batts should file the second amended complaint on his own to ensure that his

claims will not be time-barred.  Accordingly, Mr. Batts's  motion to extend the limitations period is

denied.


## IV.    Conclusion

For the reasons stated above, the Court issues the following orders: **(1)** Mr. Batts's Cross-

Motion for Partial Summary Judgment [doc. #85] is DENIED without prejudice.  **(2)** Mr. Batts's

Motion for Entry of Privilege [doc. #86] is DENIED.  **(3)** Mr. Batts's Motion to Toll the Statute of

Limitations [doc. #87]  is DENIED.  **(4)** Mr. Batts is advised that he is permitted to file his second

amended complaint, but it may be in his interest to wait until he has received the assistance of

counsel before doing so.  **(5)** The Clerk is directed to continue its efforts to locate *pro bono* legal

representation for Mr. Batts.

IT IS SO ORDERED,


/s/ _____Mark R. Kravitz_____
United States District Judge


**Dated at New Haven, Connecticut: May 3, 2006.**